G. David Godwin, No. 148272
Robert Binion, No. 228563
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, California 94104
Telephone:   (415) 989-5900
Facsimile:   (415) 989-0932

Mark Gamboa, No.167314
**CORTNER MCNABOE COLLIAU & ELENIUS**
800 Wilshire Blvd., Ste. 1400
Los Angeles, California 90017
Telephone:   (213) 996-5100
Facsimile:   (213) 996-5101

Attorneys for Defendant
Continental Casualty Company, erroneously sued herein as
"CNA Insurance Company"

E-filing
ORIGINAL
FILED
JAN 2 6 2005

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 05 00391

| | |
|---|---|
| IRVING KESLER, an individual, | No. |
| Plaintiff, | **DEFENDANT CONTINENTAL CASUALTY COMPANY'S NOTICE OF REMOVAL** |
| v. | |
| CNA INSURANCE COMPANY (aka CONTINENTAL CASUALTY COMPANY; TRANSPORT INSURANCE COMPANY; CNA CASUALTY OF CALIFORNIA; NATIONAL FIRE INSURANCE OF HARTFORD; TRANSCONTINENTAL INSURANCE COMPANY; AMERICAN CASUALTY COMPANY OF READING, PA.; VALLEY FORGE INSURANCE COMPANY; COLUMBIA CASUALTY COPMANY); UNION | Date:<br>Time:<br>Before: |

CBM-IPG\SF239955.1

NOTICE OF REMOVAL – CASE NO. _____

| | |
|---|---|
| 1 | PACIFIC RAILROAD COMPANY, a Delaware Corporation; and DOES 1-100, Inclusive, |
| 2 | |
| 3 | |
| 4 | Defendants. |

PLEASE TAKE NOTICE that defendant Continental Casualty Company ("Continental") gives notice of removal and hereby removes the above-captioned action from the Superior Court of the State of California County of Sonoma, pursuant to 28 U.S.C. § 1441 et seq. In support of this removal, Continental alleges as follows:

## BACKGROUND

1. On December 27, 2004, Plaintiff Irving Kesler filed suit in Sonoma County Superior Court against Defendants "CNA Insurance Company (aka Continental Casualty Company; CNA Casualty of California; National Fire Insurance Company of Hartford; Transcontinental Insurance Company; American Casualty Company of Reading, P.A. [sic]; Valley Forge Insurance Company; Columbia Casualty Company)" and Union Pacific Railroad Company. This action, *Irving Kesler v. CNA Insurance Company et al.*, Case No. SCV 236018 (Cal. Super. Ct., Co. of Sonoma, filed Dec. 27, 2004), seeks declaratory relief with respect to both defendants and for breach of contract, breach of the duty to defend, breach of the implied covenant of good faith and fair dealing, and violation of Sections 17200 and 17500 of the California Business and Professions Code with respect to "CNA Insurance Company." Complaint ¶ 25, attached as Ex. A to the Declaration of Robert Binion ("Binion Decl.").

2. As alleged in the complaint, defendant "CNA Insurance Company" purportedly issued various policies of liability insurance covering Plaintiff for his expenses incurred in the investigation of third party claims including the underlying lawsuit *Union Pacific Railroad Com. v. West Coast Welders Supply Co., Inc. et al.*, Case No. C-04-02835 MJJ (U.S.D.C. N.D. Cal., filed July 14, 2004) (the "Underlying

Action"), and to defend and indemnify Plaintiff for such claims. Plaintiff alleges, however, that "CNA Insurance Company" has not satisfied its obligations to provide such coverage. Complaint ¶¶ 9, 24-26, 30, 38.

## DIVERSITY OF CITIZENSHIP

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity because all properly joined parties are diverse and the amount in controversy exceeds $75,000.

### *Plaintiffs*

4. Plaintiff Irving Kesler is an individual residing in Sonoma County, California. Id. ¶ 1.

### *Defendants*

5. Defendant Union Pacific Railroad Company ("Union Pacific") is a Delaware corporation with its principal place of business in Nebraska. Id. ¶ 3; Union Pacific's Joinder in Notice of Removal of Action filed concurrently with this Notice of Removal.

6. CNA is a registered service mark and is not a legal entity capable of receiving service of process or being sued. Defendant Continental is appearing in this action and is filing concurrently with this Motion a Motion to Dismiss "CNA Insurance Company," pursuant to FED. R. CIV. P. 12(b)(4)-(5) and 17(b). For purposes of diversity jurisdiction, "CNA Insurance Company" has no citizenship and may be ignored. *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461 (1980); *Doe v. Bayer Corp.*, 344 F. Supp. 2d 466, 469 (M.D.N.C., 2004) (unincorporated division of a company cannot be named as a defendant and should be dismissed. Diversity should be determined based on the citizenship of the remaining defendant); *Morris v. Princess*

*Cruises, Inc.*, 236 F. 3d 1061, 1067 (9th Cir. 2001). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The defendant seeking removal is entitled to present facts showing that the joinder is fraudulent. *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (finding fraudulent joinder of insurance agent in suit by insured against insurer, where no possibility of recovery against agent under California law).

7. Defendant Continental is an Illinois insurance company with its principal place of business in Chicago, Illinois. Declaration of David Lehman ("Lehman Decl."), ¶ 3.

8. There is complete diversity of citizenship as between the Plaintiffs on the one hand, and Defendants Union Pacific and Continental on the other hand.

### *CNA is not a Legal Entity Capable of Receiving Service of Process or Being Sued*

9. There does not now exist nor has there ever existed any legal entity known as "CNA Insurance Company" – either as a partnership, corporation, joint venture, or other unincorporated association. Lehman Decl. ¶ 11. "CNA" and "Insurance from CNA" are both registered service marks. Lehman Decl. ¶ 4,6-7; *see also* Exhibit B to Complaint. "CNA Insurance Company" is nothing more than one possible reference to the service mark "CNA". Consequently, Plaintiff cannot sue "CNA."

10. Pursuant to Rule 17(b)[1], the capacity to be sued is to be determined by the law of the state in which the district court is held. FED. R. CIV. P. 17(b). As explained above, "CNA Insurance Company" is one possible reference to the "CNA" service mark and does not exist (nor has it existed) as a partnership, corporation, joint venture,

---

[1] All references to "Rule" are to the Federal Rules of Civil Procedure, unless otherwise noted.

unincorporated association or any other legal entity. In California, "a nonentity is incapable of suing or being sued." *Oliver v. Swiss Club Tell*, 222 Cal. App. 2d 528, 537 (Cal. Ct. App. 1963) ("Where a suit is brought against an entity which is legally nonexistent, the proceeding is void *ab initio*[.]").

11. Plaintiff's attempt to serve CNA also failed because CNA is not a legal entity. *See* Rules 12(b)(4) and (5).

12. A district court may disregard a party named in the state court complaint and retain federal jurisdiction if that party is joined as a sham or if the joinder is fraudulent.

13. This Court should ignore CNA for purposes of assessing diversity because Plaintiff will not be able to establish service or a cause of action against CNA. Moreover, Continental has appeared in this action and will respond to the Complaint.

## AMOUNT IN CONTROVERSY

14. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

15. As alleged in the complaint, the Underlying Action "alleges damages covered by the CNA insurance policies issued to Plaintiff Kesler." Defendant Union Pacific filed the Underlying Action against Plaintiff and others and seeks full reimbursement from Plaintiff of all its damages. UP Complaint ¶¶ 47, 49-50, 57, 63, 71, 74-75, 77-78 and Prayer 1-9. On November 1, 2004, Union Pacific served its Initial Disclosures in the Underlying Action. Binion Decl. ¶ 3, Exh. B. In its Disclosure, Union Pacific stated its damages to date were $6,028,823.17 and that it expects to incur in excess of $3,000,000 more in the future. Plaintiff Union Pacific Railroad Company's Initial Disclosures at 6:15-28, attached as Exhibit B to the Binion Decl.

16. Consequently, the amount in controversy here exceeds $6 million, subject to the limits of the alleged policies. Plaintiff alleges "CNA Insurance Company" insured him under policies of liability insurance including those reflected on Exhibit "A" to the Complaint. Exhibit A purports to be a Certificate of Insurance showing primary and excess liability limits in excess of $75,000.

17. Based on these allegations, the amount in controversy threshold has been satisfied.

**REMOVAL IS PROPER**

18. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. For all the reasons shown above, "CNA" was improperly joined in this action and has no citizenship for purposes of determining whether diversity exists. There is complete diversity of citizenship between all parties appearing in this matter, and the amount in controversy exceeds $75,000.

19. This action is removable pursuant to 28 U.S.C. § 1441 because it originally could have been brought in this Court.

20. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal has been given to all adverse parties and a copy of the Notice has been filed with the clerk of the Superior Court of the County of San Francisco, California.

21. Defendant Union Pacific has consented to removal.

22. Pursuant to 28 U.S.C. § 1446(a), a true copy of all process, pleadings, and orders served on "CNA Insurance Company" are attached to the Notice of Removal as Exhibit __, including all documents that have been filed with the Superior Court, County of Sonoma, California, in this action.

23. Continental states that on December 27, 2004, Plaintiff mailed the

Summons and Unverified Complaint to Stephen Lilienthal, the CEO of CNA Financial Corporation, at his offices in Chicago, pursuant to Section 416.10 of the California Code of Civil Procedure. Binion Decl. Ex. A (a copy of the envelope enclosing Summons). Despite the fact that service of process was ineffective under Rule 12(b)(4) and (5), this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is made within 30 days of the mailing of the Summons and Unverified Complaint.

24. Copies of this Notice of Removal are simultaneously being served upon counsel for all parties of record and the Superior Court, County of San Francisco, California, the court from which this action was removed.

WHEREFORE, Continental respectfully requests that this cause proceed in this Court as an action properly removed thereto.

Dated: January 26, 2005

CARROLL, BURDICK & McDONOUGH LLP

By _____
G. David Godwin
Robert Binion

MCNABOE COLLIAU & ELENIUS
Mark Gamboa

Attorneys for Defendant
Continental Casualty Company, erroneously sued herein as "CNA Insurance Company

CBM-IPG\SF239955.1                    -7-

NOTICE OF REMOVAL – CASE NO. _____